May it please the Court, Counsel. My name is Christine Weaver and I represent Kathy Kroske, the appellant in this matter. There are two main issues that have been addressed and briefed. The first of all is whether or not there was jurisdiction by the Court, by way of diversity, with the $75,000 threshold. And I only want to make one comment in that regard because I would like to reserve the majority of my time to discuss the preemption issue. With regard to the summary judgment type material that was to be considered by the Court, the jury verdict research that had been specifically discussed by the Court and addressed in that he considered it summary judgment type material for purposes of considering whether there had been a $75,000 threshold was in fact inappropriate. Jury verdict research is not summary judgment type of evidence. What do you mean by inappropriate? Why? What's wrong with it? It's supposed to be summary judgment type evidence. And summary judgment type evidence does not include... Why do you say that, it's supposed to be summary judgment type evidence? Well, that's what the law states. That is, in order to hit, when a court goes through and makes the decision as to whether or not there has been a meeting of the threshold of $75,000 for damages, there is to be summary judgment type evidence if it is not clear on the pleadings that have been provided by way of the complaint. Well, let's say if you had, let's say you prevailed on the motion, would you then have been limited to asking for, you couldn't ask for more than $75,000? At the state court level? Right. No, no. What that in fact means, though, is that at the time that it was removed, at the time of removal, that the $75,000 threshold had not been met. At this point, at the time that... It's just hard to believe anyone that's got any experiences with lawsuits that this would, if you were to prevail, would be that you'd be asking for less than $75,000. Okay. I'd really like to reserve the rest of my time. I think we should probably turn to whether 12 U.S.C. 24th 5th preempts this claim. And I would like to go there. Thank you. Specifically, the Washington law against discrimination has to do with the state police power. And our United States Supreme Court has specifically stated that there has to be a clear and manifest purpose of Congress in order to preempt the state use of its police power. Well, let's say, though, just for argument purposes, just because I want to ask this and you don't have a lot of time. If, let's say, I were to agree with you that Title VII and the ADAA, ADEA, are not preempted, are there other causes of action in the Washington law besides those? I mean, you know, maybe Congress didn't... come to the conclusion that if Congress had wanted to exempt banks, it could have done so, and it didn't in those. So if from that you extrapolate, okay, banks aren't exempt from that. But what about is the Washington law, isn't it broader? It is, but also the United States Supreme Court has specifically stated in the Atherton v. FDIC case that the federal statutes set a floor and that the state statutes, when invoking the police power, can provide a stricter code of conduct and a stricter guideline. And, in fact, that's what we have here. The Washington law against discrimination, if in fact it differs in any way from the ADEA in Title VII, it is only that it provides a stricter code of conduct. Well, and so then maybe you could logically say, okay, certain of the things that the bank would not, you know, it wouldn't be preempted if the Washington, to the extent that the Washington law complies, you know, to the extent that we're talking about ADEA claims or Title VII, but if it goes beyond that. Because different states have different things. I mean, I know for a fact there are things you can claim in California that aren't in Title VII or are not in ADEA or, you know, that's the, say, if it were gender preference or something along those lines. Okay. So it would seem to me that your best argument might be that to the extent that we're talking about causes of action in the Washington law that are Title VII and ADEA, it's not preempted. But if it goes beyond that, not so. And that may very well be the case. In this particular case, though, and all I can do is argue that of the facts that we have before the court on this particular case, it is strictly an age discrimination case, which is under the ADEA, but is also under the Washington law against discrimination. And there is no difference. The floor is the same there. And so to say that perhaps there might be a difference in a California case where the law provides for greater rights to a particular employee, then that would be something separate than what is considered here. I think that what we have here is strictly an age discrimination case. The Washington law against discrimination is, in fact, an invocation of the state police powers, that there has to be a clear and manifest purpose of Congress in order for there to be a preemption. There, in fact, is no such thing here. And, therefore, it is appropriate for this case to be allowed to go forward because there is no preemption. And when you take a look at the 1864 National Banking Act, you do not see in there a clear and manifest intent to preempt future regulation with regard to employee-employer relations. Specifically back in 1864. And there has been, of course, there's the case law that specifically addresses the contractual issues. Right. There has also been the case law that has said that with regard to tort cases, that those are, in fact, preempted. But there has not been a decision, and this is, one, a first impression for this particular circuit, with regard to whether or not a law against discrimination, an invocation of state police powers, in fact, is preempted. And, in fact, it is not. And there has been no evidence provided by the bank that, in fact, an invocation of this type of state police powers is preempted. Let me ask you one question. You know, I'd look. We'd look. But are there any regulations by the comptroller of the currency who regulates the banks about this particular provision? None that I have found. None that I have found. And I would like to reserve the rest of my time. That's fine. Thank you. Good morning, Your Honors. May it please the Court. I'm Angel Raines, and I represent U.S. Bank, the appellee and defendant in the case. There are two issues before the Court. The first is whether the district court had removal jurisdiction. The second is whether the dismissal at pleasure clause in the National Bank Act preempts state anti-discrimination, specifically the Washington Law Against Discrimination  I'll address each issue in that. We're interested in the preemption, but I can't speak for the entire panel. But I would think I would tend to agree. Well, then I will skip straight to the preemption. Well, would you concede that Congress could have exempted Federal banks from the Federal anti-discrimination statutes? Yes. And they didn't, right? They did not, no. I also believe that it's possible that had Congress intended the National Bank Act to allow for state anti-discrimination acts, it could have also amended the National Bank Act to so state. The National Bank Act has been amended since the passage of Title VII in the ADA, and since states have enacted anti-discrimination statutes, and Congress has not yet seen fit to ---- Well, there's a real strong public policy argument against, you know, I mean, in all the employment cases, talking about when you fire people, you know, when they're at will or at pleasure or anything along those lines, that that doesn't include firing someone because they're African American or because they're Hispanic or because they're old or something along those lines. So, you know, obviously I think, you know, if you look at, you know, cases in general, there's been, you know, that while what you can do by virtue of the language of the terms of employment, there's certain public policy constraints that often will come into play. And so, you know, I'm wondering, since Congress didn't exempt banks from Title VII and the ADAA, why can't the, I guess, the WLAD not be preempted to the extent that it covers issues in Title VII and the ADAA? I know that's a lot. I hate doing that. But ---- There are Supreme Court cases that discuss partial preemption of Federal statutes, and that is discouraged, a finding of partial preemption. It was, I believe, in the ERISA arena. Excuse me? The case with Shaw. Thank you. Where, you know, just because Congress has created a Federal remedy doesn't mean that a Federal statute that is analogous to a State statute doesn't mean that the State statute automatically can be bootstrapped in and have a claim similar to the Federal statute. The issue here is that Ms. Kroski absolutely did have a valid claim under Federal statutes. However, she chose not to pursue those remedies, but to pursue exclusively under State court. With preemption, the Court should look at the express language of the National Bank Act and try to apply it to the State law. I believe Your Honor is discussing more of a conflict preemption analysis, and see if there's a conflict. And what we have with the National Bank Act is you have a board of directors of the National Bank may dismiss its officers at pleasure. That is in direct conflict with the Washington law against discrimination, which states that an employer is limited in how it may dismiss its employees. Have you ever thought about this problem? I've always been intrigued by the fact that banks probably have more vice presidents per capita than any other organization, assistant vice president. If you're not an assistant vice president, you're probably a janitor or a file clerk. And maybe the reason they do that is because of the statute. What I'm getting at is maybe the statute can be concluded as that an employee like this, they can take away her officer's title, but they can't fire her from being a branch manager. So you don't have to be an assistant vice president to be a branch manager, do you? I do not know. I don't think every manager of a Wal-Mart stores an assistant vice president of Wal-Mart. Isn't that a fair interpretation of the statute? In other words, you know, if they used it for a protectual purpose. That would be a fair assessment of how, I guess, how many assistant vice presidents there are. However, a national bank would still be held to the federal standards and would still have that same uniformity. That's one of the policies of the National Bank Act. And the goals of the National Bank Act is to have uniformity among all of the officers of the bank. And the reason why officers are so important is because they are the ones that the public policy or the public identifies with. And, you know, as the Ninth Circuit has stated, that maintaining the public trust is one of the main goals of the National Bank Act. I believe it was in Mackey v. Pioneer National Bank. But if they had sued, you're saying, if they had sued under ADEA, would you be claiming preemption? We would claim preemption of the state law claims, not of the federal claims. The Ninth Circuit has addressed the question. So what's the difference? I don't quite understand from your perspective. If the Washington law against discrimination, age discrimination provision, is congruent with the federal standard, you know, what's the problem? Well, I see that there are several problems. One is that they're not the same. What you have is the ---- How does the Washington law against discrimination, in particular age discrimination, differ in substance from the federal ADEA? It differs substantively in the type of damages that can be awarded. It also differs procedurally. The ADEA requires a prefiling in order to bring a claim, where the Washington law against discrimination does not. Another problem with having the state law apply versus the federal is that then what the court is asking is the national banks, with regard to officers, now are going to have to be held to 50 different standards, where previously it had only been held to the one, which is the federal standards. In every case that this circuit has discussed dismissal of pleasure clauses, the court has found that state law claims are preempted. That is contractual. That is state law tort claims. And anti-discrimination is a hybrid of a tort claim. There's ---- You would agree, though, that Washington ---- the Washington legislature enacted the Washington law against discrimination pursuant to its police powers, correct? The statute so states. Yes. But would the ---- suppose that the state ADEA, the state age claim went to trial, would the burden of proof be any different? Any different than a federal? Yes. The standard of proof, what was required. I do not believe it would be. Pretty much the same, right? Yes. Pretty much the same as the federal statute. Yes. There may be some procedural differences. Right. There are some procedural differences. Okay. And, again, the differences with the types of damages that could be awarded. I mean, having been a lawyer, I'm always suspicious of lawyers in the sense that, you know, everyone's got ---- you know, they want to do the best for their clients. And so the thing is that obviously if, you know, rather than assuming incompetence, I'm going to assume that someone brings a state law claim because they think that's better for their client than bringing a federal claim or, you know, something or it's better for you to have it, you know. I'm concerned about all the nuances of this because attorneys always can find better nuances than we can think of in whatever our decision is. So that's, you know, that's what I'm trying to figure out, all the implications, because obviously to employers and employees, these are really important issues. I agree. And every case that I've read, national banking is such a comprehensive and federally regulated scheme. And I would like to ---- I see my time's almost up. But I would like to leave with a quote from the U.S. Supreme Court from Easton v. in reference to national banks, or to alter or supplement any of the provisions of the National Banking Act. That is, I think, clearly sums up the position of your ---- Well, that's not quite completely true because this Congress, I mean, there's not complete ---- the states are allowed to regulate banks to a certain extent. But are not allowed to ---- It's not a complete, complete, complete preemption. The entire field of banking regulation is not entirely. Certain parts of it are clearly, but not all of it. Thank you, Your Honors. Thank you. Why don't you respond to it? I am concerned with, from the standpoint that, you know, that something that's national would have to respond to 50 different states. You know, I understand that I don't, you know, I'm inclined to think they're not exempted, obviously, from Title VII and the ADEA. But different states provide different, you know, protections for people. And, you know, California is different than other states. And, I mean, you see this in a lot of different areas. And so I just ---- I'm concerned about that. When it is, though, specifically with regard to the police powers involved, the United States Supreme Court has been very clear that there has to be a clear and manifest intent to preempt. And that's not here. And also, with this age discrimination case, the burden of proof, as conceded, is exactly the same. And actually, Your Honor, you were ---- Why wouldn't you file an ADEA claim? Why wouldn't I? Yes. There are several reasons, one of them being in the Spokane County Superior Court, it's a much quicker way to get into court by not filing with the EEOC. The EEOC is a very long and drawn-out process. So there's exhaustion requirements in federal claims that there are not in the state claims. Exactly. And when you get into the Spokane County Superior Court, you get a trial date within one year of having filed with the court. It's a lot quicker. You can send out discovery immediately. You do not have to wait for the federal discovery conference. It is a timing issue. And when you have someone that is claiming age discrimination and is older in years, then time is of the essence. And that is why we chose in this particular case to get with it and to file in the Superior Court under the state law claims. Are there any other questions? I realize my time is up. I don't have any.  The matter will be submitted. Thank you.
judges: Tashima, Paez, Callahan